**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

GIANLUCA STEFANO MONJARAS COLAN,

Petitioner,

v.

WARDEN, MOSHANNON VALLEY PROCESSING CENTER, *et al.*,

Respondents.

Case No. 3:26-cv-1319
Judge Stephanie L. Haines

**MEMORANDUM OPINION**

On July 9, 2026, Petitioner Gianluca Stefano Monjaras Colan ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Habeas Petition") pursuant to 28 U.S.C § 2241. ECF No. 1. Respondents filed their response in opposition on August 11, 2026 (ECF No. 4), and Petitioner filed a reply on August 27, 2026 (ECF No. 5). The Habeas Petition is now fully briefed and ripe for disposition. For the following reasons, the Court will **DENY** Petitioner's Habeas Petition, ECF No. 1.

## I. Facts[1]

Petitioner is "a native and citizen of Peru" who was taken into immigration custody on January 8, 2026, and is currently detained at Moshannon Valley Processing Center. ECF No. 1, p. 10-11; ECF No. 4, p. 2. On February 20, 2026, Petitioner filed his first habeas petition, which this Court granted in part on June 5, 2026, ordering that he receive an individualized bond hearing. ECF No. 4, p. 1-2; *see* Docket 3:26-cv-00298. On June 12, 2026, Petitioner "received an individualized bond hearing, at which the immigration judge denied bond after concluding that he

[1] The Court derives the following undisputed factual background from both Petitioner's and Respondents' submissions to the Court.

posed a 'flight risk' if released." ECF No. 4, p. 2. Petitioner appealed this bond denial on July 28, 2026. ECF No. 4-1, p. 2.

On April 9, 2026, an immigration judge denied all applications for relief and ordered Petitioner removed to Peru (ECF No. 4-2), which Petitioner subsequently appealed to the Board of Immigration Appeals ("BIA") on May 4, 2026. ECF No. 4-3. As of the parties' last update, this underlying appeal appears to still be pending. ECF No. 4-3; ECF No. 5, p. 3.

## II. Parties' Allegations & Relief Requested

In this Habeas Petition, Petitioner asserts that his continued detention does not serve a legitimate regulatory purpose, is not constitutionally necessary, and violates the Due Process Clause of the Fifth Amendment. ECF No. 1, p. 13-18, 23-25. He also argues that "the prior custody determination does not cure the ongoing constitutional violation[,]" that his continued detention is causing irreparable harm, and that the facts of his case strongly weigh in favor of immediate release because he presents "neither a flight risk nor a danger to the community[.]" *Id.* at 18-22 (capitalization adjusted). As relief, Petitioner requests that this Court "[i]ssue a Writ of Habeas Corpus declaring that Petitioner's continued civil immigration detention violates the Due Process Clause of the Fifth Amendment[;]" "[o]rder Petitioner's immediate release…under such reasonable conditions, if any, as this Court deems appropriate[;]" "alternatively…order Respondents to provide Petitioner with a constitutionally adequate individualized custody determination consistent with the requirements of due process and this Court's findings[;]" and permanently enjoin Respondents from detaining him unconstitutionally. *Id.* at 26.

In their response, Respondents argue that Petitioner's claims are moot because he "has already received habeas relief and was afforded a constitutionally adequate individualized bond hearing[.]" ECF No. 4, p. 2. They also assert that "the procedures in 8 U.S.C. § 1226(a), which

govern Petitioner's detention, satisfy due process." *Id.* at 3 (capitalization adjusted).

## III. Discussion

It is undisputed that Petitioner received a bond hearing under § 1226(a) on June 12, 2026, and that bond was denied because Petitioner failed to establish that he was not a flight risk. *See* ECF No. 1, p. 19; ECF No. 4, p. 2. However, even if a petitioner has received an initial bond hearing under § 1226(a), this Court has previously concluded that Third Circuit precedent does not categorically foreclose a burden-shifted bond hearing for § 1226(a) detainees experiencing prolonged detention. *See Fadel v. Warden of Moshannon Valley ICE Processing Ctr.*, No. 3:26-cv-00625, 2026 WL 1649901, at *2–3 (W.D. Pa. June 8, 2026). In conducting an analysis of whether the *Fadel* petitioner's detention under § 1226(a) had become prolonged, this Court looked to the four *German Santos* factors to determine if his detention had become unconstitutional under the Due Process Clause of the Fifth Amendment: (i) the duration of detention; (ii) whether the detention is likely to continue; (iii) reasons for the delay; and (iv) whether the detainee's conditions of confinement are "meaningfully different from criminal punishment." *German Santos v. Warden Pike Cty. Corr. Facility*, 965 F.3d 203, 210-11.

Among these factors, "[t]he most important factor is the duration of detention." *Id.* at 211. While there is no bright-line threshold of time that permits a court to presume that detention has crossed the line from reasonable to unreasonable, detention does become "'"more and more suspect'" the longer it continues. *See id.* (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011)).

Here, Petitioner has been detained since January 8, 2026, which is less than nine months. *See* ECF No. 1, p. 10-11; *see also Lindsay v. Oddo,* No. 3:26-CV-1369, 2026 WL 2450688 (W.D. Pa. Aug. 21, 2026) (declining to order a bond hearing under *German Santos* where the petitioner

had been detained for less than nine months); *c.f. Fadel*, 2026 WL 1649901, at *2–3 (granting a bond hearing where petitioner had been detained for over nine months). Thus, this first factor weighs against Petitioner.

The remaining *German Santos* factors do not persuade the Court. Although Petitioner's detention is likely to continue because he is awaiting BIA decision with "no fixed decision date" (*see* ECF No. 5, p. 3), Petitioner does not allege that the government caused any delay in the underlying immigration proceedings and provides no specific evidence that his own conditions of confinement in Moshannon Valley Processing Center are akin to criminal punishment. *See German Santos*, 965 F.3d at 210-13.

As such, because Petitioner fails to establish that his detention has become unconstitutionally prolonged under *German Santos*, further relief is not warranted at this time.[2] Thus, the Habeas Petition will be denied, albeit without prejudice to Petitioner's ability to seek relief in the future if his detention continues.

**IV. Conclusion**

Therefore, for the reasons set forth herein, the Court will deny Petitioner's Habeas Petition, ECF No. 1, without prejudice. An appropriate Order follows.

[2] In the Habeas Petition, Petitioner also makes many statements regarding his significant family ties, lack of flight risk, and lack of danger to the community. *See generally* ECF Nos. 1; 5. Yet federal courts "lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision," and may only "review whether the bond hearing was fundamentally fair." *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). Here, through asking the Court to review the above facts in consideration of his immediate release, Petitioner is asking the Court to redetermine his bond eligibility, which this Court cannot do.

**ORDER**

**AND NOW**, this 6th day of October 2026, for the reasons stated in the Memorandum Opinion, it is hereby **ORDERED** that:

1. Petitioner's Habeas Petition is **DENIED WITHOUT PREJUDICE.**
2. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Court Judge